IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDALL J. BANKS,

    Petitioner,

v.                                                Civil Action No. 5:10CV69
                                                         (STAMP)
JOEL ZIEGLER, WARDEN

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On June 28, 2010, Randall J. Banks, an inmate at FCI Morgantown, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner is serving a 24 month sentence. His projected release date is March 25, 2011. The Bureau of Prisons ("BOP") has approved a placement for the petitioner in a Residential Reentry Center ("RRC") for the last 45 days of his incarceration.

In his petition, the petitioner asserts that the BOP did not follow the Second Chance Act in determining his RRC placement. He contends that the BOP made the RRC placement date in bad faith and without a genuine attempt to comply with the law. He believes that the BOP labors under a financial conflict of interest with regard to RRC placement decisions. Finally, he argues that the BOP abused

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

its discretion by issuing form denials and rejections of his administrative appeals of these matters. In support of his petition, after discussing the Second Chance Act, the petitioner contends that the BOP has impermissibly capped RRC placement at six months. He believes that a presumption that six months is normally enough time for an inmate to successfully prepare to transition back into society violates both the purpose and the spirit of the Second Chance Act. The petitioner believes that the BOP failed to individually assess his RRC placement needs when making his RRC placement decision.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge John S. Kaull for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Kaull issued an order to show cause, finding that summary dismissal was not warranted and directing the respondent to address the merits of the petitioner's claims. The respondent then filed a motion to dismiss, or in the alternative, motion for summary judgment. In his motion to dismiss, the respondent argues that the petition should be dismissed because the petitioner failed to exhaust administrative remedies. As to the merits, the respondent argues that the BOP's decision regarding RRC placement is not subject to judicial review and that the BOP did not abuse its discretion with regard to the review and referral of the case pursuant to the Second Chance Act.

The respondent also argues that the petitioner has not shown any support for any alleged bad faith in deciding the RRC placement. Finally, the respondent believes that the petitioner has failed to support his claim that the BOP is laboring under a financial conflict of interest. The petitioner filed a response to the motion to dismiss.

On September 7, 2010, the magistrate judge issued a report and recommendation, recommending that exhaustion be waived and this case proceed to a determination on the merits. He stated that to dismiss this case for failure to exhaust at this juncture would be a waste of judicial time and resources. The magistrate judge found that an inmate has no constitutional right to be confined to a particular institution and that the decision whether to make an RRC placement is clearly a matter of prison management within the knowledge and expertise of the BOP and that the court cannot intervene in that decision unless a clear constitutional violation occurred. The magistrate judge did not find a violation. Instead, he found that the petitioner's Unit Team made its RRC review on an individual basis and considered the appropriate factors in recommending 30 to 60 days in an RRC, as required by the Second Chance Act. The magistrate judge recommended that the respondent's motion to dismiss be granted and that his petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations

within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A. Exhaustion of Administrative Remedies

In his motion to dismiss, or in the alternative, motion for summary judgment, the respondent argues that the petition should be denied because the petitioner failed to exhaust his administrative remedies. Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See e.g. Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). However, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Indeed, exhaustion

prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a court has the discretion to waive the exhaustion requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487, at *8 (S.D. W. Va. June 12, 2006).

The magistrate judge recommends that this Court waive the exhaustion requirement in the interest of judicial economy because this case is fully briefed for adjudication on the merits. This Court agrees with the recommendation of the magistrate judge. Therefore, the exhaustion requirement is waived in this instance.

B. <u>Merits of Petitioner's Claims</u>

The Second Chance Act of 2007 provides that the Director of the BOP shall ensure a prisoner spends a portion of his final months of incarceration under conditions that will afford the prisoner a "reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The Second Chance Act provides that the decision to house a prisoner in a RRC shall be made on an individualized basis. Pursuant to 18 U.S.C. § 3621(b), the BOP must consider five factors when determining the period for RRC placement. The factors include the following:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the offender;

(4) any statement by the court that imposed the sentence --

>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>    (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The BOP issued a memorandum on April 14, 2008 entitled "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007." This memorandum instructed that RRC placement is to be based on individualized review of each prisoner's case. It also states that should staff determine an inmate's pre-release RRC placement require more than six months, the Warden must obtain the Regional Director's written concurrence. The BOP issued another memorandum on September 3, 2008, which states that the BOP's goal is to place inmates in RRCs for the amount of time necessary to provide the greatest likelihood of successful reentry into the community. This memorandum states that an RRC placement more than six months will only be approved upon a showing of an inmate's extraordinary and compelling reentry needs. The majority view is that the BOP's "requirement of regional director approval, and the agency's stated view that many inmates can have their needs [met] through 180-day placements, do not violate the Act." Ramos v. Holt, 2010 WL 2471707, *9 (M.D. Pa. May 5, 2010); Miller v. Whitehead, 527 F.3d 752, 755-58 (8th Cir. 2008). These BOP polices "simply reflect the [BOP's] exercise of its discretion in implementing the Act, an Act which provides that prison officials

simply 'may' use community corrections facilities for up to 12 months to aid inmates in their return to society." Id. The majority view finds nothing "fundamentally offensive" about the BOP memoranda, "provided that each inmate receives the individualized consideration of this RRC placement called for by the Act." Id.

Congress has excluded 18 U.S.C. § 3621 and 18 U.S.C. § 3624 from judicial review under the APA pursuant to 18 U.S.C. § 3625. However, this Court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority. Webster v. Doe, 486 U.S. 592 (1988); Turner v. Safley, 482 U.S. 78, 84 (1987); Procunier v. Martinez, 416 U.S. 396, 405 (1974). The magistrate judge correctly noted that the petitioner does not have a protected liberty interest in being placed in an RRC prior to his release. See Meachum v. Fano, 427 U.S. 215, 223 (1976) (finding that there is no constitutional right to be confined to a particular institution). Accordingly, because this decision rests with prison management, this Court cannot intervene unless BOP violated the Constitution.

The petitioner also argues that there is a financial conflict of interest. The petitioner cites the testimony of Director of the BOP, Harley Lappin, before the United States Sentencing Commission on November 20, 2009. Lappin stated that federal prison camps are much less costly than RRCs and that extended community placements cannot be justified within the agency mission as cost efficient and necessary to address reentry needs when a prisoner can receive the

necessary transitional assistance in three to four months at an RRC. This Court agrees with the magistrate judge that Lappin's statement does not reflect the type of financial conflict of interest which would prompt the courts to review agency decisions. Staff members making RRC referrals receive no financial benefit by placing an inmate in an RRC for less than the statutory maximum. The petitioner has cited no case law to support his position and can show no personal interest that would raise constitutional concerns with his RRC placement.

In his report and recommendation, the magistrate judge found that the BOP did actually consider the five factors set forth in 18 U.S.C. § 3621(b) and that the petitioner had received all the consideration to which he is due thereunder. The referral form, read together with the progress report and other documents relating to the petitioner, show that the BOP made an individualized determination.

This Court has reviewed the magistrate judge's report and recommendation and finds that the report and recommendation is not clearly erroneous. Therefore, this Court concludes that the petitioner is not entitled to an order from this Court directing the BOP to transfer the petitioner to RRC placement for a longer period than has already been granted. In this case, the BOP referral form and related documents demonstrates that the petitioner's Unit Team complied with the Second Chance Act by conducting an individualized analysis of the § 3621(b) factors when

determining the petitioner's length of RRC placement of between 30 and 60 days. This Court agrees with the magistrate judge that the fact that the petitioner's circumstances under his individualized review could warrant two different interpretations of his need for RRC placement does not establish that the BOP was either derelict in its duties or wrong. Accordingly, this Court agrees with the magistrate judge's finding that the BOP has met all of its requirements by considering the § 3621 factors in determining the petitioner's RRC placement period. The magistrate judge also found no evidence that the petitioner's placement was arbitrary, capricious, or an abuse of discretion. After a review of the evidence, this Court agrees and finds that the magistrate judge's report and recommendation is not clearly erroneous.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is ADOPTED and AFFIRMED in its entirety. Accordingly, the respondents' motion to dismiss, or in the alternative, motion for summary judgment is GRANTED; and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to

9

the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: October 4, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE